IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF          :

JORGE ORTIZ ROMANI, d/b/a    :    CASE NO. 04-03074 (SEK)
JG-24, INC.,
    DEBTOR              :    CHAPTER  7

_____

WILFREDO SEGARRA MIRANDA AS THE
CHAPTER 7 TRUSTEE,        :

    PLAINTIFF          :    ADV. NO. 06-00063

        V.            :

JORGE ORTIZ ROMANY a/k/a    :
JOAQUIN ORTIZ ROMANI, JORGE
ORTIZ ROMANI, JORGE JOAQUIN   :
ORTIZ ROMANI, JORGE J. ORTIZ
ROMANY, "JOTA",         :

    DEFENDANT         :

> **FILED & ENTERED**
>
> **1 0 JUL 2007**
>
> CLERK
> U.S. BANKRUPTCY COURT
> SAN JUAN, PUERTO RICO

OPINION AND ORDER

Before the court is the Plaintiff's request for entry of judgment summarily, declaring that several real properties are part of the estate in bankruptcy, and subject to his administration.[1] Plaintiff also asserts that Defendant's response limited to invoking his 5th amendment right against self

---

[1]    The real properties in question are located at:
a) Urbanización Santa Elena I-U Bo. Pájaros, Bayamón, P.R. (Santa Elena property);
b) 30th Street No. 29, Urb. Santa Juanita, Barrio Minillas, Bayamón, P.R. (Santa Juanita property);
c) Parcela 247, Comunidad Villa Juventud, Barrio Bucarabones, Toa Alta, P.R. (Villa Juventud property),
d) 112 Pérez St., No. 46, Barrio Machuchal, San Juan, P.R. (Barrio Machuchal property), and
e) FF-21 Tudor St. Villa Contessa, Barrio Pájaros, Bayamón, P.R. (Villa Contessa property).

incrimination, does not create a genuine issue as to any material fact that would defeat the pending motion for summary judgment.

Defendant disagrees, claiming we can not enter judgment summarily as Plaintiff has not met his initial burden under Rule 56(e).[2]

We grant the Trustee's motion for reasons that follow.

### Background

Defendant filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 22, 2004, under the name of Jorge Ortiz Romani, social security # xxx xx 2227 ("the Debtor"). We converted his case to Chapter 7 on March 18, 2005, and Wilfredo Segarra Miranda was appointed trustee ("the Trustee"). The Trustee discovered several real properties allegedly owned by the Debtor and not disclosed in his schedules. Consequently, the Trustee filed this complaint for entry of a declaratory judgment that would confirm this real estate is property of the estate subject to his administration.[3] 11 U.S.C. §541 and F.R.B.P. 7001.

Debtor answered the complaint's factual allegations by raising his right to "remain silent under the Fifth Amendment to

---

[2] "[M]ovant must make a preliminary showing that there is no genuine issue of material fact which requires resolution in the crucible of a trial. Once this showing has been made, the burden shifts to the non movant to demonstrate, through specific facts, that a trial worthy issue remains." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

[3] We have jurisdiction over this core proceeding pursuant to 11 U.S.C. §§ 1334, 157(a) & 157(b)(2)(A).

2

the U.S. Constitution." He did not raise any other defense.[4]

The Trustee then requested the entry of summary judgment claiming Debtor concedes all factual allegations that he did not dispute in his answer to the complaint. He further argues that these conceded facts together with the attached deeds of purchase and sale, a copy of Debtor's schedules, title studies, portions of the transcript of Debtor's 341 examination, and copies of his parents' last will and testament, show the real properties are estate assets.

Relying in the case of In re Caucus Distributors, Inc.,[5] Debtor submits the Trustee must first introduce independent admissible evidence establishing the cause of action, before we can draw any adverse inference from Debtor's invocation of his privilege against self incrimination.[6] Since the title studies accompanying the Trustee's motion are not admissible evidence of ownership, we cannot draw any adverse inferences due to his

---

[4] Debtor was arrested after being indicted for bankruptcy fraud, criminal case no. 06-024. The indictment was issued on January 25, 2006. That case is pending trial before Chief Judge Fusté. Debtor also sued the United States of America, several of its agencies, and agencies' directors, the Assistant U.S. Trustee for this region, her husband and their conjugal partnership, and the Trustee in a Bivens, Federal Tort Claim Act, and supplemental state claims, dismissed on July 6, 2007.

[5] 83 B.R. 921 (Bankr. E.D. Va. 1988).

[6] The court in Caucus sustained that the moving party must first introduce independent evidence establishing the cause of action before a negative inference may be drawn. It also held that the court may not draw inferences to fill the gaps of the movant's case. In re Caucus Distributors, Inc., 83 B.R. 921 (Bankr. E.D. Va. 1988).

3

answers claiming the Fifth Amendment's right to silence. Thus, Debtor claims, the motion must fail as the Trustee has not met his initial burden of proof.

The Trustee supplemented his motion by adding official Certificates issued by the Property Registrar concerning registration of the real estate in Debtor's name. These certifications show the following.

SANTA ELENA PROPERTY

On January 19, 2001, Mr. Joaquín Ortíz Romani, social security no. xxx-xx-2227, purchased this realty as per deed of purchase and sale, acknowledgment and assumption of mortgage no. 4 executed before notary public José Oller Navarro. Notary Oller Navarro states in the last sentence of Deed No. 4 that, "it is clarified that purchaser's complete name is Jorge Joaquín Ortíz Romaní." (Plaintiff's Exhibit C). According the Registrar's's certificate, the property is registered in the name of Joaquín Ortíz Romaní. (Exhibit A to Plaintiff's motion in compliance with order.)

SANTA JUANITA PROPERTY

This property was acquired by Mr. Jorge Ortíz Romani, social security # xxx-xx-2227, on February 22, 2001. (Plaintiff's Exhibit E). According the Registrar, the property is also registered in the name of Jorge Ortíz Romani. (Exhibit B to Plaintiff's motion in compliance with order.)

VILLA JUVENTUD PROPERTY

The property was acquired by Mr. Jorge Ortíz Romani, social



security no. xxx-xx-2227 on January 21, 2000. (Plaintiff's Exhibit G).  It is registered in the name of Jorge Ortíz Romani. (Exhibit C to Plaintiff's motion in compliance with order.)

*BARRIO MACHUCHAL PROPERTY*

This property was donated to Jorge J. Ortíz Romany by Mr. Celso J. Ortíz Maldonado and his wife Inés Romany Belgodere on September 10, 1974. (Plaintiff's Exhibit I).  It is registered in the name of Jorge J. Ortíz Romany.  (Exhibit D to Plaintiff's motion in compliance with order).

*VILLA CONTESSA PROPERTY*

This property is registered in the name of Mercedes Salvá Santiago.  However, deed of purchase and sale #157 executed before Notary Mario Rivera Toll on December 14, 2000, is pending registration.  The purchaser in that deed is Joaquín Ortíz Romani. (Exhibit E to Motion in Compliance with Order).

The transcript of the 341 meeting of creditors shows Debtor acknowledged that his complete name is Jorge Joaquín Ortíz Romany, a/k/a Jorge Ortíz Romani. (Movant's Exhibit K, pp. 94-95, and the third paragraph of the complaint).

### DISCUSSION

Debtor argues the Fifth Amendment secures the privilege to remain silent and suffer no penalty for such silence.  Thus, Trustee's request must be reviewed only on the basis of those exhibits attached to the motion and the opposition, without reference to the invocation of the Fifth Amendment, and only then, if there is no genuine issue as to any material fact from



5

that evidence, the court may consider whether adverse inferences are appropriate. In this case part of the documents submitted by the Trustee to establish Debtor's ownership interest in the properties are title studies of the realties. The title studies are not admissible evidence upon which the court may rely to establish that the Trustee met his initial burden. Hence, Debtor argues we can not make the adverse inference involving his answer to the complaint, so that there are material facts in controversy preventing entry of judgment summarily.

We agree with Debtor's assessment that title studies are not admissible. However, the Trustee cured this flaw by submitting Certifications issued by the Registrar of the Property of Puerto Rico which are admissible in evidence.[7] Once the Trustee supplemented his motion with the Certificates, he met his *prima facie* burden, as applicable non bankruptcy law establishes that "recorded rights exist and belong to the titleholder in the form specified in the respective entry", thereby providing independent

---

[7] The Mortgage Law of P.R. provides:

§ 2102 The Registrars shall issue literal, brief, partial or negative certifications of the different registry entries upon a written request by anyone stating an interest in ascertaining the legal status of any real property or right in question, or by virtue of an order of the court.

. . .

§2105 Certifications- Nature

Certifications issued by the Registrars are public documents and, as such, may be considered evidence in their own right.

30 Laws of P.R. Ann. §§ 2102, 2105. Fed. R. Evid. 803(14) allows the Certifications to be admitted as an exception to the hearsay rule.

6

admissible evidence proving the realties are estate assets.[8] When the Trustee established that the admissible Certificates show the Defendant has title to these realties, then we can make the adverse inference of deeming all the allegations in the complaint admitted.  Hence, there is no controversy here as to any material fact that would defeat the Trustee's motion for summary judgment.  We base our ruling on the following excerpts.

"The Supreme Court has adhered to the prevailing rule that the Fifth Amendment does not forbid allowing adverse inferences to be drawn against parties to civil actions from their refusal to testify in response to probative evidence offered against them." [9] U.S. v. Stein, 233 F.3d 6, 15 (1st Cir. 2000).  "When a

---

[8] Section 104 of the Mortgage Law of Puerto Rico states:
For all legal purposes, it shall be presumed that the recorded rights exist and belong to their titleholder in the form specified by the respective entry.  It shall also be presumed that the person who has recorded the ownership of the real properties or rights has possession thereof.  This assumption, as well as the preceding one, admits proof to the contrary, but the courts will take care that in case of doubt as to possession, the recorded titleholder be recognized as the owner, subject to the actions that his contradictor can exercise in the corresponding regular proceedings.
30 Laws of P.R. Ann. § 2354.

[9] Section 104 of the Mortgage Law of Puerto Rico states:
For all legal purposes, it shall be presumed that the recorded rights exist and belong to their titleholder in the form specified by the respective entry.  It shall also be presumed that the person who has recorded the ownership of the real properties or rights has possession thereof.  This

7

party to civil actions refuses to provide discovery invoking its Fifth Amendment privilege against self incrimination, a negative inference may be drawn at the summary judgment stage as well as at trial." In re Vrusho, 321 B.R. 607, 612 (Bankr. N.H. 2005). "[A] claim of constitutional privilege against self-inculpation cannot in and of itself create a fact issue for summary judgment purposes, nor deny an opposing litigant access to the prophylaxsis of Rule 56." Young Sik Woo v. Glantz, 99 F.R.D. 651, 653 (Distr. R. I. 1983)."This is especially true where, ... no showing has been made sufficient to identify the specific facts which the defendant asserts are contested, or to show that third-party depositions or affidavits are, given good faith efforts, unavailable to oppose the motion." Id.

"The cases suggest that three criteria must be met before the Court will permit an inference to be drawn against a person exercising his privilege against self-incrimination: (a) the action must be a civil action; (b) the party seeking to draw the inference must have establish a *prima facie* case; (c) the person must be a party and not a mere witness." Moxham, Douglas G., A Comment Upon The Effect of One's Fifth Amendment Privilege in Civil Litigation, 12 N. Eng. L. Rev. 265, 267 (1976).

---

assumption, as well as the preceding one, admits proof to the contrary, but the courts will take care that in case of doubt as to possession, the recorded titleholder be recognized as the owner, subject to the actions that his contradictor can exercise in the corresponding regular proceedings.
30 Laws of P.R. Ann. § 2354.

8

Further review shows: (1) the Trustee's complaint is a civil action; (2) the Trustee has meet his initial burden of proof by supplementing his motion for summary judgment with official Certificates showing Debtor is presumed under applicable Insular law to be the title holder pre bankruptcy of the real estate, thereby enabling us to infer he has admitted all the allegations in the complaint; (3) Defendant is the party who as an individual asserts the Fifth Amendment privilege.

As Debtor has made no effort to identify any material fact in controversy, inasmuch as the allegations in the complaint are deem admitted, the Trustee's request for summary judgment is granted.

**SO ORDERED**, in San Juan, Puerto Rico, on July 10, 2007

SARA DE JESÚS
U.S. Bankruptcy Judge

9